

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK D. HARPER,　　　　　　　) | No. C 06-3258 JSW (PR) |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　Plaintiff,　　　　　　　) | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| 　　　　　　　　　　　　　　　　　) | |
| 　　vs.　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| BOARD OF PRISON TERMS, et al,　　) | |
| 　　　　　　　　　　　　　　　　　) | **(Docket no. 2)** |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　Defendants.　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　) | |

## INTRODUCTION

　　Petitioner, a prisoner of the state of California currently incarcerated at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis (docket no. 2). This order dismisses the petition and DENIES leave to proceed in forma pauperis as moot (docket no. 2).

## DISCUSSION

　　Plaintiff's complaint challenges Plaintiff's detention as a result of a parole violation proceeding in which a witness who brought false criminal charges that were dropped failed to show up at the proceeding, but Plaintiff's parole was violated nonetheless and he received a 10 month sentence. Plaintiff asserts that the proceeding violated his due process rights and Plaintiff seeks release from custody.

A.　Standard of Review

　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claim</u>

In this case, Plaintiff has improperly filed his claim as a civil rights action. Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

1  In this case, Plaintiff's claims necessarily imply the invalidity of his continuing
2  confinement. As such, they are DISMISSED without prejudice.

### CONCLUSION

4  Based on the foregoing, leave to proceed in forma pauperis is DENIED as moot
5  and no fee is due (docket no. 2). The Clerk of Court shall close the file and enter
6  judgment.
7  IT IS SO ORDERED.
8  DATED: May 25, 2006

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

3